J-S55003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| CAINE SHEPPARD PELZER, | : | |
| Appellant | : | No. 1927 MDA 2016 |

Appeal from the PCRA Order November 2, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001989-2001

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 07, 2017**

Caine Sheppard Pelzer appeals *pro se* from the Order entered on November 2, 2016, in the Court of Common Pleas of Luzerne County, denying his second Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

On April 15, 2002, the court sentenced Appellant pursuant to 42 Pa.C.S. § 9712[1] to an aggregate term of 22 to 44 years' incarceration after a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9712 pertains to sentences for offenses committed with firearms and required a mandatory minimum sentence of at least 5 years' imprisonment.   On August 20, 2014, our Supreme Court found the imposition of mandatory minimum sentences provided in Section 9712 unconstitutional pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).  **See Commonwealth v. Newman**, 99 A.3d 86, 103 (Pa. Super. 2014) (*en banc*).  **See also Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014).

jury convicted him of 22 offenses relating to a home invasion that took place on February 17, 2001. This Court affirmed Appellant's Judgment of Sentence on May 7, 2003. *Commonwealth v. Pelzer*, No. 987 MDA 2002, unpublished memorandum (Pa. Super. filed May 7, 2003). Appellant did not petition the Pennsylvania Supreme Court for permission to appeal; therefore, his Judgment of Sentence became final on June 6, 2003.[2]

Appellant filed his first PCRA Petition on April 1, 2008, in which he acknowledged that his Petition was untimely, but claimed that his counsel had abandoned him. Ultimately, on June 28, 2013, the PCRA court denied Appellant's Petition. This Court affirmed the PCRA court's order on July 14, 2014. *Commonwealth v. Pelzer*, No. 1445 MDA 2013, unpublished memorandum (Pa. Super. filed July 14, 2014).

On February 20, 2016, Appellant filed the instant PCRA Petition in which he challenged the legality of his sentence and claimed that he was entitled to relief pursuant to *Alleyne v. United States*,[3] and *Montgomery*

---

[2] *See* 42 Pa.C.S. § 9545(b)(3) (mandating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court sought to be reviewed").

[3] *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that any fact that increases a mandatory minimum sentence for a crime is an element of that crime that must be submitted to the jury).

*v. Louisiana*.[4]  PCRA Petition, 2/20/16, at 2, 9.  Following a hearing, on November 2, 2016, the PCRA court dismissed the Petition as untimely.  This appeal followed.

Appellant raises the following two issues in his Brief:

1. Whether Pennsylvania's mandatory minimum sentencing act under 42 Pa.C.S. § 9712 is illegal, unconstitutionally invalid, void and of no force and effective with retroactive application to the Appellant at all turns where he was charged, tried and acquitted of numerous firearms violations but subsequently sentenced to a determinate sentence of 44 years of incarceration where he is actually innocent of his sentence enhancement in light of *Alleyne v. United States*, [ ] 133 S.Ct. 2151 (2013); *Commonwealth v. Hopkins*, 117 A.3d 247, 262 (Pa. 2015); *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Thereby violating Appellant's Sixth, Eighth and Fourteenth Amendments to the Pennsylvania and United States Constitutions going beyond the state[']s power to impose such illegal penalty?

2. Whether Pennsylvania courts are enforcing an illegal penalty upon Appellant which automatically sentenced him to 44 years under 42 Pa.C.S. § 9712 by refusing to give Appellant retroactive effect of *Alleyne v. United States*, [ ] 133 S.Ct. 2151 (2013); *Commonwealth v. Hopkins*, 117 A.3d 247, 262 (Pa. 2015); *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).  For substantive violations which he is actually innocent of that automatically altered the range of conduct and punishment for a class of people that is denied eligibility for probation, parole, work release or furlough once sentenced under § 9712 in violation of the Sixth and Eighth Amendments to the Pennsylvania and United States Constitutions?

---

[4] *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) (concluding that the Court's holding in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), prohibiting mandatory life without parole sentences for juvenile offenders, applied retroactively).

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). As noted *supra*, Appellant's Judgment of Sentence became final on June 6, 2003. The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition;[5] a petitioner asserting an exception must file a Petition

_____

[5] **(b) Time for filing petition.-**

(1) Any petition under this sub-chapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

*(Footnote Continued Next Page)*

within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(1)-(2).

Because Appellant's Judgment of Sentence became final on June 6, 2003, in order to be timely, Appellant must have submitted his PCRA Petition by June 6, 2004. *See* 42 Pa.C.S. § 9545(b)(1). Appellant filed the instant Petition on February 20, 2016, almost 13 years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely.

In his Brief to this Court, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his illegal sentence claim is based on a newly-recognized Constitutional right, which is retroactive in application. *See* Appellant's Brief at 17, 19 (**citing *Alleyne***, ***supra***, ***Montgomery***, ***supra***.).

_(Footnote Continued)_ ———————————————

> laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

As long as this court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

Appellant argues that, pursuant to the holding in *Montgomery*, *supra*, *Alleyne* is retroactive and his PCRA Petition, filed within 60 days of *Montgomery*, is timely. Contrary to Appellant's claim, however, *Montgomery* only concerned the specific issue of the retroactive application of *Miller v. Alabama*, *supra*,[6] and not the retroactivity of *Alleyne* generally. In fact, our Supreme Court has recently reiterated that *Alleyne* does **not** apply retroactively on post-conviction collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to

---

[6] The Court in *Miller* held unconstitutional mandatory life without parole sentences for juveniles .

plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. Thus, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2017